### In re METALLIC SPECIALTY MFG. CO.

(District Court, E. D. Pennsylvania. February 2, 1912.)

#### No. 4,189.

1. BANKRUPTCY (§ 269*)—SALES—REFUSAL TO CONFIRM—GROUNDS.
   Sale by a trustee in bankruptcy should be set aside only for cause properly shown, and sufficient to move the conscience of the court.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 269.*]

2. BANKRUPTCY (§ 269*)—SALES—REFUSAL TO CONFIRM—GROUNDS.
   That an offer of $20,000 has been received in bankruptcy for property which sold at $17,000 does not show such inadequacy of price as to warrant setting aside the sale.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 269.*]

3. BANKRUPTCY (§ 269*)—SALES—REFUSAL TO CONFIRM—REVIEW.
   Generally review of a referee's refusal to approve a sale on the ground of inadequacy of price should be deferred until the resale, since, if the bidder buys at the second sale for less than his first bid, he is not injured.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 269.*]

In the matter of the Metallic Specialty Manufacturing Company, bankrupt. On certificate of the referee for review of an order refusing confirmation of a sale. Reversed, with directions.

Conard & Middleton and Simpson & Brown, for trustee.

R. Stuart Smith, for purchaser.

Henry N. Wessel, for prospective bidder.

J. B. McPHERSON, District Judge. [1, 2] The order complained of is as follows:

"And now, January 24, 1912, the testimony having been concluded, the referee enters the following order: It appearing from the record that Theodore Dimmick has made a bid of $20,000 and has deposited $10,000 thereon, that his attorney has stated of record that he agreed to bid this price at either public or private sale, and it appearing that there are other bidders who are willing to bid besides Theodore Dimmick, and the majority in num-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ber and amount of creditors desiring a resale, confirmation of the sale to Roger S. Warner is declined, and a resale is ordered."

Warner's bid, which was $17,000, was made and accepted at a public sale regular in all respects and free from fraud. The sale was judicial, and therefore could not become final until approval by the referee or the District Court. But it could be set aside only for cause, properly shown, and sufficient to move the conscience of the court. One such cause is gross inadequacy of price, but there is no contention that the bid in question was grossly inadequate. The sale was set aside on the ground that Warner's bid was lower than the value of the property, and this was inferred from the difference between the two sums. The referee states:

"The whole question before the court [is] whether an advance bid of $3,000, or 17 per cent. in excess of the price paid at public sale, is sufficient evidence of inadequacy of price at the public sale to justify my having ordered a resale."

But it is well settled that mere inadequacy is not enough. Sturgiss v. Corbin, 141 Fed. 1, 72 C. C. A. 79, 15 Am. Bankr. Rep. 543; Ballentyne v. Smith, 205 U. S. 285, 27 Sup. Ct. 527, 51 L. Ed. 803. It must be admitted that no hard and fast line can be drawn between mere inadequacy and gross inadequacy; but there *is* a difference, although it is impossible to state it with precision. Every case must necessarily be judged upon its own facts.

[3] It would have been better practice, I think, to defer the review of the referee's refusal until the resale had actually taken place. It may well be doubted whether (as a general rule) refusal to confirm is a final order definitely injuring the bidder, since conceivably he may buy at the second sale for less than his first bid; but, as this is a remote contingency in the present case, I shall pass the objection over and decide the question now.

The order of January 24, 1912, is reversed, and the referee is directed to confirm the sale held on January 18th.