# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS THE CIRCUIT AND DISTRICT COURTS AND THE COMMERCE COURT

---

### In re WILLIAMS.

### COAL CITY HOUSE FURNISHING CO. et al. v. HOGUE et al.

. (Circuit Court of Appeals, Fourth Circuit. May 29, 1912.)

### No. 1,097.

1. BANKRUPTCY (§ 262*)—SALE OF PROPERTY—RIGHTS OF BIDDER.
   A bidder at a sale by a trustee in bankruptcy whose bid the trustee declined to consider, although a lower bid was accepted, and who was required by the referee as a condition to the reopening of the sale to bind himself to make an upset bid substantially larger, had the right to except to such order, and to have the same reviewed.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 363–365; Dec. Dig. § 262.*]

2. BANKRUPTCY (§ 262*)—SALE OF PROPERTY—RIGHTS OF BIDDER.
   The highest bidder for property offered for sale by a trustee in bankruptcy who is willing and able to comply with the terms of the sale is entitled to have his bid accepted and reported for confirmation, and to have it confirmed, unless the referee is of the opinion that the property did not bring a fair price, or is offered an advanced bid.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 363–365; Dec. Dig. § 262.*]

Appeal from the District Court of the United States for the Northern District of West Virginia, at Philippi.

In the matter of Benjamin G. Williams, bankrupt. Appeal by the Coal City House Furnishing Company, the Schmulbach Brewing Company, and Edward B. Frauzheim from an order directing a resale of property by George R. Hogue, trustee. Affirmed.

H. N. Ogden, of Fairmont, W. Va. (J. W. Ritz, of Wheeling, W. Va., and G. A. Vincent, of Fairmont, W. Va., on the brief), for appellants.

Charles T. Herd, of Morgantown, W. Va. (W. S. Meredith, of Fairmont, W. Va., on the brief), for appellees.

Before GOFF, Circuit Judge, and CONNOR, District Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CONNOR, District Judge. The record discloses that on June 10, 1911, George R. Hogue, trustee in bankruptcy of Benjamin G. Williams, bankrupt, pursuant to an order in the cause, offered for sale, at public auction, certain real property belonging to the estate of the bankrupt known as the Skinner Tavern Hotel, which had been appraised at the sum of $100,000. The terms of sale were one-fourth cash, balance in three annual installments, with interest from date, the purchaser to execute his promissory negotiable notes. At the sale Charles T. Herd and others made bids amounting to the sum of $73,-000. The sale was adjourned to June 24, 1911, when the same persons again made bids, said Herd bidding the sum of $75,425, whereupon the trustee, after conference with his attorney, demanded of said Herd that he state for whom he was bidding, to which he responded that he was bidding as trustee. The trustee informed Herd that unless he disclosed the name of his principal, showing that he was a responsible party, his bid would not be received or announced. Herd refused to do so, saying that he would thereafter bid for himself. The auctioneer thereupon, by direction of the trustee, proceeded with the sale when B. G. Williams and Henry Schmulbach bid the sum of $75,500, whereupon Chas. T. Herd raised said bid to the sum of $75,525, stating that in making said bid he was acting for himself, which bid the trustee refused to receive, and, by his direction, the bid of $75,500 was accepted as the last and highest amount bid for the property. The trustee reported the sale to the referee, recommending its confirmation to the Schmulbach Brewing Company, the bid of B. G. Williams and Henry Schmulbach having been duly assigned to said company. At the time set for hearing the motion for confirmation of the sale, Herd appeared and filed his petition setting forth the foregoing facts, and asking that he be accepted as the last and highest bidder at said sale, at the sum of $75,525, tendering, with said petition, a certified check for the sum of $18,881.25, for the one-fourth cash payment, and averring his readiness to execute his notes for the deferred payments in accordance with the terms of said sale. The referee, after hearing the evidence, affidavits, etc., filed by the parties, found the following facts:

"That the trustee, George R. Hogue, sold the Skinner Tavern parcel of real estate on the 24th day of June, 1911, to B. G. Williams and Henry Schmulbach for $75,500, which has been assigned to the Schmulbach Brewing Company, and the company having offered, in writing, either to make a cash payment sufficient to cover all charges prior to its claim and receipt for the residue or pay the one-fourth of said $75,500 in cash and give their notes each for the one-fourth thereof, payable in one, two, or three years, respectively, from the 24th day of June, 1911, with interest thereon from date at the rate of 6 per cent., and it also further appearing that Charles T. Herd was a bidder on said Skinner Tavern parcel on the 24th day of June, 1911, having bid therefor, upon the refusal of the said Charles T. Herd to disclose for whom he was bidding, declined to receive his bid and the said Charles T. Herd, excepting to said sale and requesting a re-sale of said Skinner Tavern parcel, etc."

The referee made an order providing that if said Herd would within 10 days offer an "upset bid" of $78,000, and file a certified check for one-fourth thereof, or a good and sufficient bond conditioned to pay

said sum, that said property be resold, etc. To this order Herd excepted, and filed a petition for review by the Judge of the District Court, which was granted. Upon the hearing Judge Dayton reversed the order of the referee, and directed that the referee make an order that the trustee proceed to sell the property provided that Herd, within 10 days, file a certified check for one-fourth the amount of his bid, and that at such sale, unless a larger sum was bid, he accept Herd's bid of $75,525. To this judgment the Schmulbach Brewing Company assigned error, and appealed.

[1] The first assignment of error challenges the right of Herd to except to the order of the referee in the premises. It is well settled that:

"A purchaser or bidder at a master's sale in chancery subjects himself quoad hoc to the jurisdiction of the court, and can be compelled to perform his agreement specifically. It would seem that he must acquire a corresponding right to appeal and claim, at the hands of the court, such relief as the rules of equity proceedings entitle him to." Blossom v. Railroad Co., 1 Wall. 655, 17 L. Ed. 673; Delaplaine v. Lawrence, 10 Paige (N. Y.) 602.

When the property was offered for sale by the trustee all persons who, in good faith, and with capacity to comply with the proposed terms, were present at the time and place, were entitled to make offers or bids, and the one proposing to pay the largest and highest sum was entitled to have his bid or offer accepted upon complying with the terms of the sale, and reported to the court for confirmation, or such other orders in the cause as to the court should seem proper and in accordance with the interest of the parties, or the estate, and the course and practice of the court. In Mayhew v. West Virginia Oil & Oil Land Co. (C. C.) 24 Fed. 205, 215, Mr. Chief Justice Waite said:

"In chancery a bidder at a sale by a master, under decree of the court, is not considered a purchaser until the report of sale is confirmed. * * * The court stands in the place of the vendor using the master to receive and report bids." Camden v. Mayhew, 129 U. S. 73. 9 Sup. Ct. 246, 32 L. Ed. 608.

[2] We entertain no doubt that Herd acquired, by his proposal to pay the sum of $75,525 accompanied by his readiness and ability to comply with the terms upon which bids were invited by the trustee, the right to have his bid reported to the referee, and unless an advanced bid was made, or the referee was of the opinion that the land had not brought a fair price, to have the sale confirmed to him. We are further of the opinion that, by reason of this status in the proceeding, he was entitled to have the order of the referee reviewed by the judge. It is well settled that the trustee is, in the absence of any controlling reason to the contrary, such as fraud, conceded, or probably manifest inability to comply with the terms of the sale, bound to accept all bids and report the same to the court. 17 Am. & Eng. Enc. 978. It is equally clear that the trustee had no right to demand that Herd disclose to him the names of the persons for whom he was acting. Conceding, however, pro hac vice that he was entitled to do so, it is manifest that, when Herd, upon being told that his bid in a representative capacity would not be accepted, announced

that he would thereafter bid for himself and upon his own responsibility, was entitled to have his bid accepted. Loveland on Bankruptcy, 752. The trustee was entitled to demand immediate compliance after accepting the bid, and, upon failure on the part of the bidder to open the biddings and resell the property. Hildreth v. Turner, 89 Va. 858, 17 S. E. 471. It follows, therefore, that the referee had no right to impose upon Herd, as a condition precedent to opening the biddings, that he make an "upset bid" of $78,000. The effect of this order was that Williams and Schmulbach were entitled to take the property at $75,500, unless Herd would pay $78,000, although he stood ready, willing, and able to comply with his bid of $75,525. This was manifestly unjust, and therefore erroneous. To the suggestion that, by affirming the order of the judge, the estate will be subjected to danger of losing the interest on the amount of the bid, the answer is manifest—this result is due to the improper course pursued by the trustee in refusing to accept and report Herd's bid, the last and highest made. The responsibility lies at his door. We concur in all respects with the order of Judge Dayton ordering a resale starting the bidding at Herd's bid of $75,525. We forbear to discuss the reasons which, from the record are evident, controlled the trustee in pursuing the course prescribed by well settled rules of procedure in such cases. It is unnecessary to cite authorities to show that a sale by a trustee in bankruptcy, except where otherwise controlled by statute, is subject to the general rules and principles of procedure obtaining in other judicial proceedings.

The judgment of the District Court is affirmed.