## In re AMERICAN BEAVER CO.

### (District Court, D. New Jersey.  June 12, 1917.)

1. BANKRUPTCY ⬤═►262(1)—SALES—MODE OF SALE.

    Under Bankr. Act July 1, 1898, c. 541, § 70b, 30 Stat. 565 (Comp. St. 1916, § 9654), declaring that all real and personal property belonging to bankrupt estates shall be appraised by three disinterested appraisers, and shall, when practicable, be sold subject to the approval of the court, and not otherwise than subject to the approval of the court for less than 75 per cent. of the appraised value, an appraisal by persons appointed by the court will be assumed honest and accurate, and while the approval of the court is unnecessary, if the property be sold for 75 per cent. of the amount of the appraisal, the court is bound, if a less sum be bid, to use its best discretion in the matter.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 363.]

2. BANKRUPTCY ⬤═►268—SALES—EFFECT OF.

    A bidder at a sale under such section does not, where his bid is less than 75 per cent. of the appraised value, acquire the equitable title to the property.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 372–379.]

3. BANKRUPTCY ⬤═►264—SALES—CONFIRMATION.

    The property of a bankrupt corporation was sold for much less than 75 per cent. of its appraised value, which amount was greatly under the estimate in the schedules. Thereafter one of the creditors filed a bond, conditioned that he would bid $1,500 more at a resale than the amount bid at the original sale. The referee refused to approve the sale. *Held*, that as, under Bankr. Act, § 70b, the approval of the court is necessary where the amount of the bid is less than 75 per cent. of the value of the property, the refusal of the referee to approve the sale was not an abuse of discretion; the bidder having the burden of showing that the property would not bring a greater sum on resale.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 368, 369.]

In Bankruptcy. In the matter of the American Beaver Company. Petition to review referee's order refusing to approve sale of real estate and personal property by trustee in bankruptcy. Petition dismissed, and order affirmed.

Samuel I. Kessler, of Newark, N. J., for trustee.

Edwin G. Adams, of Newark, N. J., for petitioner.

Bilder & Bilder, of Newark, N. J., for Hatters' Fur Exchange and others.

Cecil H. MacMahon, of Newark, N. J., for Lazar Jacobson.

Addison Ely, Jr., of Rutherford, N. J., for Bowne & Webber.

DAVIS, District Judge. [1] This case is before the court on petition to review referee's order refusing to approve the sale of real estate and personal property by the trustee in bankruptcy in the above stated cause. It is provided in section 70b of the Bankruptcy Act that:

"All real and personal property belonging to bankrupt estates shall be appraised by three disinterested appraisers; they shall be appointed by, and

───────────────

⬤═►For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

report to, the court. Real and personal property shall, when practicable, be sold subject to the approval of the court; it shall not be sold otherwise than subject to the approval of the court for less than seventy-five per centum of its appraised value."

In refusing to approve the sale, did the referee abuse the discretion vested in him by the Bankruptcy Act? This is the sole question to be determined. In using the language that "it shall not be sold otherwise than subject to the approval of the court for less than seventy-five per centum of its appraised value," Congress must have intended that the court (referee) should use its best discretion in approving sales in bankruptcy. The act requires that the appraisers shall be "disinterested." The purpose of this requirement evidently was to secure an honest and accurate appraisement. With self-interest eliminated, the best and unbiased judgment of the appraisers is represented in the appraisement. They are appointees of, and must report to, the court. Under such conditions, the court assumes that the appraisement is both honest and accurate, though it might not be mathematically correct as to the exact value. The approval of the court is unnecessary, if the property is sold for 75 per centum of the appraisement. Twenty-five per centum of the appraised value is allowed for honest mistakes, bad judgment, etc., without requiring the exercise of discretion on the part of the court. Bankruptcy sales and the administration of the bankruptcy law generally afford such subtle temptations and unusual opportunities to defraud creditors that Congress provided a protection for them by requiring that the appraisers be disinterested and by subjecting trustees' sales for less than 75 per centum of the appraised value to the scrutiny of the court. In substance, Congress said that it was time for the court to take notice when a sale was made for less than that per centum.

[2, 3] The referee refused to approve the sale of either the personal property or the real estate, and the purchaser in each case filed a petition for review of the order of the referee. This was a judicial sale under a statute requiring the approval of the court, without which the bidder does not acquire an equitable title to the property, if the bid is not for 75 per centum of the appraised value. Brandenburg on Bankruptcy, § 1266; Camden v. Mayhew, 129 U. S. 73, 9 Sup. Ct. 246, 32 L. Ed. 608; Coal City House Furnishing Co. v. Hogue, 197 Fed. 1, 116 C. C. A. 523, 28 Am. Bankr. Rep. 258; In the Matter of Burr Manufacturing Co., 217 Fed. 16, 133 C. C. A. 126, 32 Am. Bankr. Rep. 708; In re Haywood Wagon Co., 219 Fed. 655, 135 C. C. A. 391, 3 Am. Bankr. Rep. 618. The personal property was sold for $7,600. The same property was appraised at $31,213.20, and was estimated in the schedules to be worth $104,722.04. The real estate was sold for $19,900. It was appraised at $34,350, and was estimated in the schedules to be worth $42,493.75. Brandenburg on Bankruptcy (4th Ed.) § 1290, says:

"No sale for less than seventy-five per cent. of the appraised value ought to be confirmed, unless good reasons are shown why a better price would not be obtainable on a resale, and the burden of proof rests upon the trustee, who brings such report to the court for confirmation, to make such showing, rather than upon the creditors to make good their objections thereto."

The Circuit Court of the Fifth Circuit in determining whether property was sold for a grossly inadequate price said: "The sworn value of the property fixed by the appraisers appointed by the court controls," in the absence of reliable evidence impeaching it. There is nothing in the record to show that the price was adequate. In order that the creditors might not lose anything on a resale, one of the creditors filed a bond conditioned that he would bid $1,500 more at a resale than was bid in the first place. Counsel for the purchasers assume in their argument that this $1,500, added to the price for which the property sold, fixes its true value, and therefore they allege that the price for which the property was sold was only 5½ per cent. below the true value, and the referee should have approved it. It is claimed in reply that the additional offer was made for the sole purpose of indemnifying the creditors against loss on acount of a resale.

Among others, I have been referred to the case of In re Metallic Specialty Mfg. Co. (D. C.) 193 Fed. 300, 27 Am. Bankr. Rep. 408, of the Third Circuit, and it is urged that the order of the referee is contrary to the decision in that case. I cannot agree with that conclusion. In that case there is no mention of any appraisement. As stated by the court:

"The whole question before the court [is] whether an advance bid of $3,000. or 17 per cent., in excess of the price paid at public sale, is sufficient evidence of inadequacy of price at the public sale to justify my having ordered a resale."

As a principle of law applicable to judicial sales generally, without regard to the provisions of section 70b of the Bankruptcy Act, the case is correctly decided, and is in accord with the cases therein cited. Sturgiss v. Corbin, 141 Fed. 1, 72 C. C. A. 179, 15 Am. Bankr. Rep. 543; Ballentyne v. Smith, 205 U. S. 285, 27 Sup. Ct. 527, 51 L. Ed. 803, and many others.

In the case of the Metallic Specialty Mfg. Co., there was no contention that the price was grossly inadequate. The court said:

"But it [the sale] could be set aside only for cause, properly shown, and sufficient to move the conscience of the court. One such case is gross inadequacy of price, but there is no contention that the bid in question was grossly inadequate."

In the instant case the referee expressly found, as to the bids on both the real estate and personal property:

"That each of said bids is grossly inadequate, and that it is not for the best interests of said estate that said bids be accepted, and said sales confirmed."

The appraisers were disinterested, and two of them are practical hatters, and know the value of hats, which composed, to a large extent, the personal property. There is no testimony, not a word, impeaching the sworn value placed upon the property by the appraisers, or showing that the referee erred in finding that the price "was grossly inadequate." The burden of proof to make a showing that a better price would not be obtainable on a resale rested upon the trustee or bidders. Brandenburg, supra. No testimony whatever was submitted on that

point. The trustee, who brought the report to the court, has not borne the burden.

I do not, therefore, find that the referee abused his discretion, and the petition is accordingly dismissed, and the order of the referee affirmed.