### In re HAGERSTOWN SILK CO.

### WINGERT v. HAGERSTOWN SILK CO.'S TRUSTEES IN BANKRUPTCY.

### SAME v. SMEAD et al.

Nos. 3546, 3574.

Circuit Court of Appeals, Fourth Circuit.
April 3, 1934.

Miller Wingert, of Hagerstown, Md., for appellant.

Robert H. McCauley, of Hagerstown, Md. (Alexander Armstrong and Edward Oswald, Jr., both of Hagerstown, Md., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and BAKER, District Judge.

NORTHCOTT, Circuit Judge.

This is an appeal by William Wingert from an order of the District Court of the United States for the District of Maryland, in bankruptcy, dated May 15, 1933, refusing to confirm a sale of the assets of the Hagerstown Silk Company, bankrupt, to said William Wingert, for the sum of $3,050, and also from an order of said court, in bankruptcy, dated July 24, 1933, dismissing the exceptions filed by said William Wingert to the sale of the same assets made by the appellees to the Maryland Mat Company, Incorporated, and ratifying the sale of said assets to the Maryland Mat Company, Incorporated, for the sum of $6,100. The appeals, from these two orders of the court, have been consolidated and are presented on appeal in one record by stipulation of the parties.

The Hagerstown Silk Company, a corporation, was declared bankrupt, and the appellees were duly chosen as trustees. The assets of the bankrupt consisted of land, factory buildings, raw material, machinery, and equipment, and were appraised in January, 1931, at $30,500. Under the order of the court these assets of the bankrupt were first offered at public sale on April 19, 1932. At that sale there was no adequate bid for the property, and shortly thereafter the appellant made an offer for all said assets in the sum of $9,000, which offer was accepted and the sale was confirmed by the District Court on July 1, 1932. The appellant failed to comply with the terms of the sale, defaulting in the payment of the purchase price, paying only $460 on account thereof. This default being brought properly to the attention of the District Court by petition of the appellees, the court on December 5, 1932, entered an order requiring appellant to show cause why the property should not be resold at the risk and for the account of the appellant. Appellant filed an answer admitting his default and stating his inability to raise the balance of the purchase money. On January 14, 1933, an order was entered directing the trustees to resell this property at the risk and for the account of the appellant and on March 3, 1933, the said property was again offered for sale. At this sale the highest bid was $3,050, made by the appellant, the defaulting purchaser at the former sale, appellant claiming that he was bidding on behalf of a new corporation to be formed. Appellant paid the trustees 10 per cent. of the price bid or $305. Appellees, after waiting for some time, learned that no new corporation was being formed and reported the sale to the District Court on May 15, 1933, but did not recommend confirmation for the reason that the said appellant was the defaulting purchaser at the former sale. The judge of the District Court, on said May 15, 1933, entered an order refusing to confirm the sale.

The trustees then succeeded in obtaining an offer for said property in the sum of $6,100, and on June 26, 1933, an order was entered ratifying this sale unless cause to the contrary be shown on or before July 11, 1933.

On July 11, 1933, the appellant filed exceptions to the ratification of said sale for $6,100, and the matter was set down for hearing on July 19, 1933, at which time testimony was taken and the appellant heard. On July 24, 1933, an order was entered dismissing the exceptions of the appellant and ratifying and confirming the last sale, and the purchaser immediately paid the full

amount of the purchase price ($6,100), and the appellees executed and delivered a deed for said property to the purchaser, the Maryland Mat Company, Incorporated.

The contention of the appellant is that the court erred in refusing to confirm the sale to him for the sum of $3,050; that as purchaser he had acquired an inchoate or equitable title in the property; and that the appellees had not exhibited or offered to appellant a good title for the property. We do not think there is merit in any of these contentions. The appellant had defaulted in making the payments under his first purchase of the property; he had represented that he was bidding at the second sale for a company to be formed and as far as the record shows no such company had been formed, though ample time had elapsed for that purpose; the sale was being made under order of the court, and it was not the duty of the trustees to tender any title to the property in advance of the confirmation of the sale and certainly not before the purchase price had been tendered. Remington on Bankruptcy (3d Ed.) vol. 6, p. 28, § 2552. In his appeal from the order confirming the sale of the property for $6,100, appellant contends that this price was inadequate; certainly the sum of $3,050, which he had bid at the second sale, was much more inadequate. The position of appellant on this point is not consistent. We are of the opinion that under the facts in the case the court properly refused to confirm the sale to the appellant for the sum of $3,050.

Appellant's contention with respect to the order of the court of July 24, 1933, is that the court erred in confirming the sale to the Maryland Mat Company, because the price was inadequate and because the sale to appellant for $3,050 should have been confirmed.

It is true that the price paid for this property seems to be small, but the court takes judicial notice of conditions that existed at the time of the sale. The record shows that the plant could not be profitably used for the purpose for which it was intended. It was not purchased for the purpose of operating it as a silk mill for which it was originally intended; the machinery was in a large part obsolete; there had been a great deal of delay caused by litigation on the part of appellant and his associates which prevented the sale of the property at a time when it might have brought a better price; the taxes on the property ran in the neighborhood of $7,000 each year; and the expenses of properly conserving the property and of the litigation, together with taxes that had accumulated, made a much larger amount than was realized at the sale and was more than could have possibly been realized in any event. The appellant had every opportunity to purchase or procure a purchaser at a greater price than that secured by the trustees, but did not do so. There was no irregularity with respect to the sale when made, and the court properly confirmed the sale for $6,100.

The discretion of a court in approving or setting aside a trustee's sale will not be revised unless that discretion has been abused. Remington on Bankruptcy (3d Ed.) volume 6, p. 50, § 2568.

Here there was no abuse of discretion. On the contrary we think the court acted properly.

Other points raised by appellant which have not been assigned as error do not merit discussion.

The orders of the court below in both cases are affirmed.