PRENTICE v. BOTELER et al.

No. 10497.

Circuit Court of Appeals, Ninth Circuit.

March 7, 1944.

B. H. Prentice, in pro. per.

Craig & Weller and Thomas S. Tobin, all of Los Angeles, Cal., for appellee.

Before GARRECHT, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

A referee in bankruptcy confirmed the sale of certain real property. On petition for review the district court approved the referee's order. The appeal herein was taken from the judgment of the district court.

The sale, at private sale or at public auction, of described real property belonging to the bankrupt Dr. W. J. Ross Co., was authorized by order of the referee in bankruptcy. Pursuant to that order the trustee in bankruptcy negotiated for $2,250 a private sale to the Baruch Corporation, which thereafter spent $125 for a survey and for other matters in connection with the property. The trustee returned the sale to the referee and inserted in the Los Angeles Daily Journal a notice of the sale, which was not stated to be at public auction. There is no statute requiring such notice or its publication. At the time of the hearing before him, the referee announced that he would consider only a bid at least 10% higher than the $2,250 bid mentioned in the return of sale. He asked for higher bids, and appellant, representing the Smileage Company, Ltd., made a bid of $2,325, or $75 in excess of that made by the Baruch Corporation. The referee refused to accept the appellant's bid and confirmed the sale to the Baruch Corporation, finding that in the circumstances to accept any bid not substantially greater in amount than the $2,250 private bid would be unfair. The district court affirmed the referee's action on the ground that the confirmation of the sale and the rejection of appellant's bid were within the sound discretion of the referee.

It is well established that where a district court upholds the confirmation by a referee in bankruptcy of a sale made by a trustee in bankruptcy, this court will not interfere in the absence of a clear showing of abuse of discretion. Coulter v. Blieden, 8 Cir., 104 F.2d 29; Kimmel v. Crocker, 10 Cir., 72 F.2d 599, 600; In re Hagerstown Silk Co., 4 Cir., 69 F.2d 790, 792; Currin v. Nourse, 8 Cir., 66 F.2d 137, 140; In re Wolke Lead Batteries Co., 6 Cir., 294 F. 509, 511; Jacobsohn v. Larkey, 3 Cir., 245 F. 538, 542, L.R.A.1918C, 1176.

In the instant case an order of the referee authorized the trustee to sell the real estate at private sale to the highest bidder. In his return of sale the trustee represented that he had sold the property for $2,250 to the highest bidder, the Baruch Corporation. At the hearing before him the referee emphasized that he thought it "manifestly unfair to have a purchaser at a private sale bind himself in writing to pay $2,250.00 for a parcel of land and then when the sale was up for confirmation before the referee, for the referee to accept a bid less than an increase of 10%." Mr. Baruch, representing the purchaser, announced that he had expended $125 on the faith of having his purchase confirmed. The referee's certificate on review gives no suggestion of any reliance upon this statement although the order of the district court indicates that the referee did rely thereon in reaching his conclusion. A casual statement made at a hearing by a person not under oath is not evidence upon which a referee may base a sound discretion. However, we think it is clear from the referee's certificate on review that he did not consider Mr. Baruch's expenditures in making his order of confirmation. Where property is sold by a trustee in bankruptcy at private sale subject to confirmation of the court and where arrangement is made to sell it at its full value to the person making the highest bid to the trustee (according to the uncontested statement of the trustee in his return of sale), we believe that it is within the discretion of the referee to refuse to accept any bid representing less than a 10% increase over the private bid, and, in the absence of such a higher bid, to confirm the private bid. In the instant case there was no announcement that the sale would be at public auction. The referee determined that fairness demanded the confirmation of the Baruch Corporation bid, and we find no abuse of discretion in his decision.

The authorities cited by appellant in favor of its contentions are all distinguishable on the facts. Coulter v. Blieden, 8 Cir., 104 F.2d 29, involved a public auction

sale immediately after which the trustee declared that a fair value was not bid and that he would not recommend confirmation; the referee's action in overruling the motion for confirmation of the highest bidder at the sale was upheld. Kimmel v. Crocker, 10 Cir., 72 F.2d 599, involved two bids made to the trustee (the instant case involves only one); the court was principally concerned with which bid was the higher. Currin v. Nourse, 8 Cir., 66 F.2d 137, involved a denial by the referee to unsecured creditors of an opportunity to examine the contract of sale and of a reasonable time to be heard concerning its confirmation; the referee's confirmation of the sale was logically held an abuse of discretion. In re Wolke Lead Batteries Co., 6 Cir., 294 F. 509, involved a situation where a larger bid intervened between the trustee's acceptance of a bid and the referee's confirmation of the same and where the district court reversed the confirmation and ordered a resale; in the circumstances the district court was held not to have abused its discretion. In re Williams, 4 Cir., 197 F. 1, involved a district court judgment ordering a resale where a trustee at a public auction sale refused a bid $25 higher than the bid accepted because the bidder would not reveal the name of his principal and where the referee confirmed the trustee's sale unless the said bidder made an "upset bid" substantially higher than his bid before the trustee; the appellate court affirmed the district court's decision compelling a resale.

The practice followed in connection with judicial sales is clearly explained in Jacobsohn v. Larkey, 3 Cir., 245 F. 538, 541, L.R.A.1918C, 1176: "After much experience in scrutinizing bidding at judicial sales, courts now uniformly hold that the mere offer to pay more than the price bid is not a substantial ground for setting aside a sale, recognizing that nothing will more certainly tend to discourage and prevent bidding than a judicial determination that the highest bidder may be deprived of the advantage of his accepted bid by an offer of another person, subsequently made, to bid higher on resale. [Citing cases]." The reasoning developed is equally applicable to the situation involved herein, where there is an attempt to block confirmation of a trustee's sale by making a slightly higher bid before the referee, as to the resale situation discussed in the Jacobsohn case.

There are points raised by appellee to the effect that certain procedural steps taken by appellant were erroneous and that there were fatal defects in the mechanics of appellant's bid. However, the appellant's case upon the facts is so clearly without merit that we do not herein consider such other points.

Affirmed.