In the Matter of **FEDERATION WORK-
ERS CREDIT UNION, INC.,**
**Bankrupt.**

**No. B 72–1611.**

United States District Court,
N. D. Ohio, E. D.

Jan. 22, 1973.

Alan P. Buchmann, Cleveland, Ohio,
for Cincinnati Central Credit Union,
Inc.

Maurice M. Sayre, Cleveland, Ohio,
for Trustee in Bankruptcy.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

■ The question presented by the petition of the Cincinnati Central Credit Union, Inc. ("the petitioner"[1]) to review an order of the bankruptcy judge is what discretion, if any, does a bankruptcy judge have in according official standing to a creditors' committee selected pursuant to Section 44(b) of the Bankruptcy Act, ("Act") 11 U.S.C. § 72(b). Section 44(b) provides:

"Such creditors may, at their first meeting, also appoint a committee of not less than three creditors, which committee may consult and advise with the trustee in connection with the administration of the estate, make recommendations to the trustee in the performance of his duties and submit to the court any question affecting the administration of the estate."

For the reasons stated below, the Court finds that a bankruptcy judge has no discretion in according official status to a creditors' committee as long as the committee has met the statutory qualifications.

## A. SALIENT FACTS

1. On April 10, 1972, the Golden Circle Credit Union, Inc., the Ohio Central Credit Union, Inc. and the petitioner filed a creditors' petition praying that the Federation Workers Credit Union, Inc. be adjudged bankrupt. The petition was assigned to a bankruptcy judge of this District Court.

2. The bankruptcy judge, on April 26, 1972, adjudged the Federation Workers Credit Union, Inc. an involuntary bankrupt.

3. The first meeting of creditors was held on May 22, 1972 before the bankruptcy judge. At that time, three persons selected upon behalf of the nineteen creditors present were proposed as members of the creditors' committee. The bankruptcy judge postponed consideration of the status of this committee.

4. After hearing arguments on the status of the creditors' committee, the Judge orally on June 5, 1972 and in a written order of June 7, 1972 ruled that the creditors' committee would not be given official status. In pertinent part, the judge's order of June 7, 1972 reads as follows:

## "FINDINGS OF FACT

1. That the . . . creditors committee . . . [has] . . . as . . . its . . . principal purpose the continued representation of . . . its . . . particular . . . [group];

2. That the interests of the . . . [committee] are directed to the interests of the participants and the principals of the committeemen, as distinguished from the interests of the creditors generally or that of the estate;

3. That . . . the creditors committee . . . is . . . intended to serve mainly as a conduit for the transmittal of information of the proceedings in this case both from and to the parties . . . it . . . represent[s];

4. That the services as submitted as may be performed by the . . . [committee] are those already provided for within the functions of the office of trustee or by the provisions of the Bankruptcy Act and would duplicate or possibly conflict with the administration of this estate;

5. That there would be no benefit to the estate by the designation of any of the committees as official, such designation may be obstructive to the effectiveness of the trustee in view of the background of the bankrupt's affairs;

---

1. The Court finds that the petitioner is a person aggrieved within the meaning of Section 39(c) of the Act, 11 U.S.C. § 67(c). As such, it has standing to present this petition.

6. That there are alternate avenues and avails to members and creditors for them to be informed as to the administration of the case and for the calling by them of meetings and for their interests to be represented in the proceedings in this case

. . . . . .

## CONCLUSIONS OF LAW

1. It is within the Court's discretion to designate as official any committee appointed, pursuant to Sec. 44b of the Bankruptcy Act.

2. Before any appointed committee may be designated as official by the Court, it is to have as its principal purposes those set forth in Sec. 44b of the Bankruptcy Act.

3. The purposes of . . . the creditors committee in this case are not principally those provided in Sec. 44b of the Bankruptcy Act.

4. There would be no benefit to the estate by the designation of any official committees in this proceeding and that such designation would not be in the best interest of the administration of the estate.

IT IS THEREFORE ORDERED:

1. That no committees of either creditors or members be designated as official committees in this case, or that they be accepted by the Court, as set forth in Sec. 44b of the Bankruptcy Act.

2. That . . . [the] . . . [application] for the official designation of . . . [the] . . . creditors committee be and . . . [is] . . . hereby denied.

. . . . . .

## B. HISTORY AND PURPOSE OF SECTION 44(b).

Prior to 1938, creditors' committees had no official recognition in an ordinary bankruptcy proceeding. 2 H.Remington, Bankruptcy Law § 720.50, at

140. In 1938, the bankruptcy laws were amended to provide official standing for a creditors' committees in ordinary bankruptcies. That amendment was contained in what is now Section 44(b) of the Act, 11 U.S.C. § 72(b).

■ The Report of the Judiciary Committee on the Revision of the National Bankruptcy Act, 1938, gives insight into the purpose of Section 44(b). In pertinent part, the Report provides:

" 'Section 44b: This new subdivision provides for the appointment by the creditors at their first meeting of a committee of not less than three creditors to consult with and advise the trustee in connection with the administration of the estate. The committee is given official standing and the right to submit to the court any question affecting administration. Both the English and the Canadian bankruptcy acts provide for the appointment of creditors' committees and the system is reported to have worked admirably in those jurisdictions.

"In the larger centers, creditors' committees are customarily selected by the creditors, but, in the absence of official standing, they have no right to appear before the court in a bankruptcy proceeding proper. Under § 77B of the present law (chap. X of this bill) creditors' committees are officially recognized, and it is believed that the official recognition of committees by this amendment will be welcomed by creditors in the larger cases and will result in benefits in the administration of estates.

"Under the amendment proposed to § 58,[2] notices of examinations of the bankrupt, proposed sales of property, and the compromise of controversies need only be given to the creditors' committee, if one has been appointed, and to creditors who have filed a demand for the receipt of notices. The result will be a saving in the cost of sending numerous notices to large bodies of creditors in cases where

---

2. The proposed amendment to Section 58 was enacted and is presently found in 11 U.S.C. § 94.

such committees have been appointed and are acting.'" 2 H. Remington, Bankruptcy Law § 720.50 at 141 n. 18, quoting, The Report of the Judiciary Committee on the Revision of the National Bankruptcy Act, 1938.

This Report, therefore, indicates that the powers granted to the creditors' committee under Section 44(b) were intended to produce beneficial results in the administration of the bankruptcy estate. With this in mind, the Court turns to the consideration of the issue of what discretion a bankruptcy judge has in granting or denying official standing to a creditors' committee.

## C. THE DISCRETION OF THE BANKRUPTCY JUDGE AS TO THE CREDITORS' COMMITTEE.

The bankruptcy laws do not expressly provide the scope of authority that a bankruptcy judge has with respect to a creditors' committee in an ordinary bankruptcy. Nor are there any cases directly in point on this question. The Court therefore is faced with a case of first impression. A comparison to the bankruptcy judge's authority over the appointment of a trustee in bankruptcy does, however, shed considerable light on the question.

■ At the first meeting of creditors, the creditors are required to elect a trustee in bankruptcy. Section 44(a) of the Act, 11 U.S.C. § 72(a).[3] This election of the trustee is an example of the democratic principle of creditors' suffrage which is found in the Bankruptcy Act. See 2 H. Remington, Bankruptcy Law § 1094, at 548. The trustee that is

so elected has an important role in the administration of the bankrupt estate. Imperial Assurance Co. v. Livingston, 49 F.2d 745, 748 (8th Cir. 1931). His prime duty in this regard is to collect, conserve and distribute assets of the bankrupt estate. See Section 47 of the Act, 11 U.S.C. § 75. Notwithstanding the major role the trustee plays in the administration of the estate, the creditors may abuse their power in selecting the trustee. 2 H. Remington, *supra*, at 548. It is understandable then that the bankruptcy laws provide that the bankruptcy court is vested with jurisdiction to approve the selection of the trustee. See Section 2(a)(17) of the Act, 11 U.S.C. § 11(a)(17).[4] But, even in this respect, a bankruptcy judge must exercise wise judicial discretion in disapproving the choice of the creditors. See In the Matter of Peerless Manufacturing Co. v. Limperis, 416 F.2d 57, 60 (7th Cir. 1969), quoting In re Thomas, 263 F.2d 287, 290 (7th Cir. 1959); In the Matter of Ira Haupt & Co. v. Chase Manhattan Bank, 379 F.2d 884, 891 (2d Cir. 1967); Annot, 99 A.L.R.2d 1290.

■ In contrast, the creditors at the first meeting are *not* required to elect a creditors' committee. See Section 44(b) of the Act, 11 U.S.C. § 44(b).[5] Thus, unlike the trustee, the selection of a creditors' committee is optional with the creditors. The creditors need not select a creditors' committee because, unlike the trustee, it plays a minor role, although a beneficial one, in the administration of the estate. As noted above, the committee basically acts in an advisory and consultative capacity. Because of this role, there is less of a need·for a

3. Section 44(a) of the Act, 11 U.S.C. § 44 (a) provides, in pertinent part, that "[t]he creditors of the bankrupt . . . *shall*, at the first meeting . . . after the adjudication . . . appoint a trustee or three trustees of such estate." (Emphasis added.)

4. This section provides that the bankruptcy events are vested with jurisdiction to "[a]pprove the appointment of trustees by

creditors or appoint trustees when creditors fail so to do." General Order 13, which has now been abrogated, provided that "[t]he appointment of a trustee by the creditors subject to be approved or disapproved by the referee or judge . . . ."

5. This section, in pertinent part, reads "[s]uch creditors *may*, at their first meeting, also appoint a committee . . . ." (Emphasis added.)

bankruptcy judge to approve the creditors' committee than in the case of a trustee. Apparently, this is the reason why the bankruptcy laws do not specifically provide, as they do in the case of a trustee, that the bankruptcy judge has some veto power over the creditors' committee.

In sum, the Court must conclude that the bankruptcy judge cannot decline to accord the creditors' committee official standing as long as they meet the statutory qualifications.[6] The bankruptcy laws do not give him such discretion[7] nor is there any reason for him to have it in the context of the administration of the estate.

## D. JUDGMENT

Accordingly, the bankruptcy judge was obligated to accord the creditors' committee official standing in the administration of the bankrupt estate. Since he did not, the petition for review is granted. The bankruptcy judge is therefore required to accord the creditors' committee official status in the administration of the bankrupt estate.

It is so ordered.

6. The statutory qualifications are that the committee be appointed at the first meeting of creditors, that the committee consist of not less than three individuals and that the members be creditors. The definition of creditor is found in Section 1(11) of the Act, 11 U.S.C. § 1(11). That section reads " 'Creditor' shall include anyone who owns a debt, demand, or claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy . . . . " From the record in this case, it appears that the committee has satisfied the statutory qualifications.

7. In his order of June 7, 1972, the bankruptcy judge made findings of fact relative to the purposes of the creditors' committee. See text, pages 1207–1208. Based upon these findings, the bankruptcy declined to give official status to the creditors' committee. With respect to these findings of fact, the Court finds that

the clearly erroneous test does not apply in this instance. It is inapplicable because the findings were only predicated upon oral argument of counsel and not upon testimony taken under oath. *Cf.* Prentice v. Boteler, 141 F.2d 175, 176 (9th Cir. 1944). There is no question of credibility of witnesses involved. See Bass v. Quittner, Stutman & Treister, 381 F.2d 54, 58 (9th Cir. 1967). Upon its own evaluation of the arguments, the Court concludes that the creditors' committee will in fact represent the interests of the creditors generally, that it will not duplicate the functions of the trustee, that its avowed purposes are those prescribed under Section 44(b) of the Act and that the committee will benefit the administration of the estate. The fact that the creditors committee will act as a conduit of information is a purpose consistent with Section 58 of the Act, 11 U.S.C. § 94.