<hr/>

### BRYANT v. CHARLES L. STOCKHAUSEN CO., Inc., et al.

### In re GENERAL SHIPBUILDING CO., Inc.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1921.)

No. 1845.

1. **Bankruptcy** ⚖️264—**Court has discretion to refuse to confirm sale for less than three-fourths of the appraised value.**

Under Bankruptcy Act, § 70b (Comp. St. § 9654), requiring property of the bankrupt to be sold subject to the approval of the court when practicable, and not sold otherwise than subject to such approval for less than 75 per cent. of its appraised value, the court had discretion to refuse to confirm a sale on the property at public auction, where the best bid was only 41½ per cent. of the appraised value.

<hr/>

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Bankruptcy ☞264—Discretion held to have been wisely exercised in refusing to confirm sale.**

The action of the District Court in exercising its discretion to refuse to confirm a sale of property for 41½ per cent. of the appraised value, when a subsequent offer for 50 per cent. of such value had been received, will not be disturbed on petition to review.

**3. Bankruptcy ☞264—Highest bidder at sale only makes offer subject to confirmation.**

The highest bidder at an auction sale of the property of a bankrupt, whose bid was only 41½ per cent. of the appraised value of the property, did not thereby buy the land, but only offered to buy it, and his offer was unaccepted until it should be confirmed by the court, so that he cannot complain of the court's refusal to confirm the sale to him.

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Eastern District of Virginia, at Alexandria, in Bankruptcy; Edmund Waddill, Jr., Judge.

In the matter of the estate of the General Shipbuilding Company, Incorporated, bankrupt. Petition by Arthur H. Bryant against the Charles L. Stockhausen Company, Incorporated, and Louis N. Duffey, trustee in bankruptcy, to superintend and revise in matter of law an order of the District Court confirming a sale of the bankrupt's property to the Charles L. Stockhausen Company, Incorporated. Order affirmed.

J. K. M. Norton, of Alexandria, Va., for petitioner.

Frank E. Elder, of Washington, D. C., and Gardner L. Boothe, of Alexandria, Va., for respondents.

Before KNAPP and WOODS, Circuit Judges, and WEBB, District Judge.

WEBB, District Judge. This cause is before us on a petition to superintend and revise. The petitioner, Arthur H. Bryant, alleges that Louis N. Duffey, a trustee in bankruptcy of the bankrupt General Shipbuilding Company, Incorporated, and as such trustee, offered certain real property belonging to the bankrupt for sale at public auction on the 3d of March, 1920; that the sale was widely advertised, experienced auctioneers secured, and the real estate was struck off to David Bayliss, agent of the petitioner, for the sum of $28,500, plus the assumption of the payment of two deeds of trust on the property, aggregating $13,000, making the total price $41,500; that the trustee reported the sale on March 10, 1920, and recommended the confirmation thereof; that the petitioner complied with the terms of sale, and paid the trustee $4,150, and has been ready and willing to pay the balance of the purchase price; and that, instead of prompt action being taken on the trustee's report of the sale, on April 6 an upset bid of $50,000 was made for the said property, and a check for $5,000 of C. L. Stockhausen was accepted as a guaranty of the upset bid; that the petitioner, having learned that there would be a resale of the property, filed his petition in the United States District Court for the Eastern District of Virginia for review, praying that the sale at which he was purchaser be confirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The Charles L. Stockhausen Company, respondent, and Louis N. Duffey, trustee of the bankrupt's estate, answered separately the petition. The judge of the District Court for the Eastern District of Virginia heard the petition on the 24th of April, 1920, and rendered judgment in part as follows:

"This proceeding came on this the 24th of April, 1920, to be heard on the papers formerly read, and upon the petition of Arthur H. Bryant, the purchaser of the real estate of the bankrupt heretofore offered for sale, and described in these proceedings, notice of the finding of which was made returnable to this date, upon the upset bid of C. L. Stockhausen for the said real estate, upon proofs adduced orally and by affidavits upon said petition, upon the application of said upset bidder, and upon the answers filed to said petition, and was argued by counsel.

"On consideration whereof, the court, being of the opinion that under all the circumstances it would be unfair to the creditors of the bankrupt's estate to confirm the sale to the said Bryant at the price bid by him, doth decline to do so, and doth accept the said upset bid of the said C. L. Stockhausen, and doth order that the bidding for the sale of said real estate be reopened, the same at the future sale to be started at the upset bid aforesaid of the said C. L. Stockhausen."

The court then specifically describes the land to be sold, and says it shall be offered—

"by the trustee, Louis N. Duffey, for sale at public auction in the city of Alexandria, upon the terms and conditions heretofore prescribed for the making of the same, save and except that at such resale the bidding for the property shall start at the upset bid aforesaid, and the trustee will give notice of the time, place, and terms of said sale by publication daily, except Sunday, for ten days," etc.

Pursuant to said order of the court, the land was advertised and the sale was had on May 22, 1920, at which sale the land in question was struck off to Charles L. Stockhausen Company, Incorporated, at the price of $50,600, it being the highest bidder. The said Stockhausen Company fully complied with the terms of sale, and the trustee asked for confirmation of same, and accordingly the court adjudged, ordered, and decreed that the sale be fully ratified, approved, and confirmed, and the trustee was directed to execute a deed to said Charles L. Stockhausen Company to the land in question.

Before the first sale was made, the real estate was duly and properly appraised at a value of $100,000; but the highest bid on the property was that of the petitioner at a price of $41,500. At a meeting of the creditors held at the office of the referee in bankruptcy for the purpose of receiving a report of the trustee of the result of the first auction, the attorney for C. L. Stockhausen Company, one of the respondents herein, appeared and offered, in the event of a resale of the property, to start the bidding at $50,000. The creditors thereupon voted unanimously in favor of a resale, and the referee thereupon refused to approve the alleged sale reported by the trustee for $41,500. The trustee thereupon advertised the property of the bankrupt to be sold on April 29, 1920, and on April 10, 1920, Arthur H. Bryant, the petitioner on review, filed his petition in the District Court for the Eastern District of Virginia, praying that the trustee be required to report the sale of March 3, 1920, to the court for proper action, and that the sale might

be confirmed to the petitioner as above set forth. The District Judge, on the 24th of April, 1920, heard the evidence and argument of counsel, and refused to confirm and approve the sale of March 3, 1920, but instead ordered the real estate to be resold at public auction, which public auction was held on the 22d of May, 1920, when C. L. Stockhausen Company bought the real estate for the sum of $50,600, being the last and highest bidder for same, which sale was duly approved and confirmed by the United States District Court for the Eastern District of Virginia, sitting at Richmond, on the 1st day of July, 1920. The petitioner excepted to the order of the court approving the resale, and filed his petition for review on July 10, 1920.

[1] The sole question to be decided by this court is whether or not the court below abused its discretion in refusing to confirm the first sale, at which the petitioner was the last and highest bidder. In such matters the Bankruptcy Law gives the District Court discretion, and section 70b, of the National Bankruptcy Act (Comp. St. § 9654) is particularly relied upon by the respondent in justifying the action of the District Court, which section reads as follows:

"All real and personal property belonging to bankrupt estates shall be appraised by three disinterested appraisers; they shall be appointed by, and report to, the court. Real and personal property shall, when practicable, be sold subject to the approval of the court; it shall not be sold otherwise than subject to the approval of the court for less than 75 per centum of its appraised value."

The appraised value of the real estate in question was $100,000. At the first sale it brought only $41,500, which was only 41½ per centum of the appraised value of the land. It is clear that the District Court below was warranted in refusing to approve the first sale, both by exercising the discretion given it in such matters and because the real estate did not bring 75 per centum of the appraised value. The court below recognized that the chief purpose of bankruptcy proceedings is to protect the interests of the creditors, and in its judgment declared "that under all the circumstances it would be unfair to the creditors of the bankrupt's estate to confirm the sale to the said Bryant at the price bid by him" (at the first sale), and thereupon the court declined to confirm said sale.

[2, 3] The court below was merely exercising a proper discretion in such matters, and this court will not disturb the exercise of that discretion, because it seems to have been wisely and properly exercised in this case. The petitioner cannot complain because he was not confirmed as the purchaser. He did not buy the land at the auction sale. He only offered to buy it, and that offer was only an unaccepted offer until it should be confirmed by the court, and this confirmation was refused by the court below.

We therefore hold that there was no error in the action of the court below, and no abuse of its discretion in refusing to confirm the first sale and in ordering a second sale.

Affirmed.