## HUNGERFORD v. OWEN MAGNETIC MOTOR CAR CORPORATION.

(District Court, D. Delaware. November 23, 1921.)

No. 400.

**Receivers ⊙⇒139—Sale of personal property improperly divided into lots set aside.**

> Under an order requiring receivers to offer personal property for sale in bulk and also in lots, a sale made in lots, but so divided that the lots were not calculated to, and did not, bring an adequate price, *held* prejudicial to creditors and set aside.

In Equity. Suit by Uri T. Hungerford against the Owen Magnetic Motor Car Corporation. On objection to confirmation of sale of personal property by receivers. Objection sustained, and sale set aside.

George N. Davis, of Wilmington, Del., for receivers.

Nathan Bilder, of Newark, N. J., for purchasers of personal property.

William N. Reynolds and Joseph P. Flanagan, both of Wilkes-Barre, Pa., and Reuben Satterthwait, Jr., of Wilmington, Del., for objecting creditors.

MORRIS, District Judge. A creditor has made objection to the confirmation of the sale of the personal property of the Owen Magnetic Motor Car Corporation, held by its receivers, upon the grounds that the sale had was not made in conformity with the order of sale, and that the price received thereat—$136,495—was inadequate. The creditor also undertakes to bid at a resale the sum of $165,000 and for the faithful performance of his undertaking has deposited $40,000 in the registry of the court.

The necessity for maintaining confidence in the stability of judicial sales is beyond dispute, nor do I question the soundness of the rules looking to that end that have been generally adopted and applied by the courts. But it is likewise well established that a departure from the terms of an order of sale, to the prejudice of an interested party, constitutes sufficient ground for a refusal of confirmation. Griswold v. Fuller, 33 Mich. 268, 273; Shroeder v. Young, 161 U. S. 334, 337, 338, 16 Sup. Ct. 512, 40 L. Ed. 721; 16 R. C. L. 91. The order directing the receivers to make sale of the property in question provided in part:

> "That said receivers be and are hereby authorized and directed to offer for sale said property at public auction as aforesaid, as an entirety, and to receive and record the bids so received by them, said bids so received to be conditioned upon the sale of said property in separate lots or parcels at a higher price. The said receivers shall then offer said property for sale in separate parcels or lots as in their discretion may appear most likely to obtain the highest price. If the aggregate price of said property so offered in separate parcels or lots shall exceed the highest offer for said property as an entirety, then said receivers shall sell and deliver said property to the bidder or bidders in separate parcels or lots; otherwise, said property shall be sold to the highest bidder for the same as an entirety."

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The return of sale made by the receivers shows that the tangible personal property was sold in only four lots, and that one of those lots consisted of 267 catalogued items, and was so large that the bid accepted therefor was three-fourths of the amount bid for the entire personal property. I fail to find from the receivers' return of sale, or from the evidence, either that such parceling was called for by the nature of the property, or, that there were other facts warranting a conclusion that such unusual division would produce the highest price for the property. Consequently I am constrained to conclude that the sale was in substance a sale of the personal property in bulk, and that the creditors were thereby deprived of the advantage intended to be conferred upon them by a sale in lots. It likewise appears from the evidence that many of the attachments belonging to the machines, necessary to make them complete and to cause them to sell for a proper price, were not shown upon the catalogue or advertisements of the receivers, were not displayed with the machine, or otherwise in such manner as to enable probable purchasers to know the value of the property being sold.

I also find from the evidence that the sale produced an inadequate price. The impartial appraisers appointed by the court made a most thorough and exhaustive examination of the property, and their testimony shows that their appraisal of the property at the sum of $228,- 728 was an exceedingly conservative estimate of its value. It is unnecessary to determine whether the inadequacy of price would of itself be sufficient to warrant refusal of confirmation, had the sale been made in conformity with the order, but it is in my opinion sufficiently inadequate to show that the creditors were prejudiced by the failure of the receivers to make a sale as directed.

For the foregoing reasons, confirmation must be refused, and a new sale in keeping with the order directed.