### ROBERT J. METZLER, Inc., v. WYOMING NAT. BANK et al. and three other cases.

(Circuit Court of Appeals, Third Circuit. January 20, 1922.)

### Nos. 2816–2819.

Receivers ⬦139—Order setting aside sale in four lots held proper.

Where the order for sale by receiver of the property of motor car corporation directed the property first to be offered as an entirety and then in separate parcels or lots, as in the discretion of the receivers might appear most likely to obtain the highest price, a sale of the property in four lots, one of which consisted of 267 catalogue items and represented three-

fourths of the bid for the entire property, which sale was made after many of the attachments necessary to make the machines complete were not shown on the catalogue or advertisements of the receivers, and were not displayed with the machines, was properly set aside, especially where the sale price was only about 60 per cent. of the appraised value of the property.

Appeals from the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

Suit in equity by Uri T. Hungerford against the Owen Magnetic Motor Car Corporation. From an order refusing confirmation of sales by the receivers, and directing a new sale, Robert J. Metzler, Inc., Daniel Dryer, Alfred Lamberg and Morey & Co., the purchasers, separately appeal. Affirmed.

Bilder & Bilder and Nathan Bilder, all of Newark, N. J., for appellants.

R. Satterthwaite, Jr., of Wilmington, Del., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. Passing by, but expressing no opinion on the two preliminary questions of, first, the standing of the bidders to take these appeals; and, second, whether they are not estopped by their action in taking advantage of the condition in the order setting the sale aside, namely, the return of the hand money paid, and addressing ourselves to the third question, viz. the setting aside of the sale, we are of opinion that not only was there no abuse of discretion by the court below, but so far as the facts are before us, and as we are enlightened by the views of that court, which are reported in Hungerford v. Owen Magnetic Motor Car Corp., 277 Fed. 244, we are of the opinion its action was entirely proper in setting aside the several sales.