## In re WOLKE LEAD BATTERIES CO.

### Petition of LEWIN METALS CORPORATION et al.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1923.)

### No. 3957.

1. **Bankruptcy ☞264—Sales by trustee not effective until confirmed; "purchaser."**

    While the highest bidder for property offered for sale by a trustee is entitled to have his bid accepted and reported for confirmation, he is not a "purchaser," and is not vested with even an equitable title until the sale is confirmed, and under Bankruptcy Act, § 70b (Comp. St. § 9654), if the sale is for less than 75 per cent. of appraised value, it is subject to approval of the court.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Purchaser.]

2. **Bankruptcy ☞269—After confirmation, sale should be set aside only on equitable grounds.**

    After a sale by a trustee has been confirmed by the court, and the equitable title has thereby vested in the purchaser, public policy requires that it should not be set aside. except for reasons for which equity would set aside a sale between individuals.

3. **Bankruptcy ☞264—Sale which is subject to approval of court not effective until such approval.**

    Where a sale by a trustee is subject to approval of the court, a reversal by the court of an order of the referee confirming the sale leaves the purchaser in the same situation he would have been in if the referee had refused to confirm.

4. **Bankruptcy ☞264, 446—Approval of sale is within discretion of court.**

    Where a sale by a trustee is subject to approval of the court, its action thereon is discretionary, and is reviewable only for an abuse of discretion.

5. **Bankruptcy ☞268—Bidder held estopped to question court's action in refusing to approve sale.**

    Where a bidder at a sale by a trustee, whose bid was accepted, took possession of the property on confirmation of the sale by the referee, but after the court had refused to approve the sale, and ordered a resale, which was made, turned the property over to the new purchaser, and filed a claim for improvements made thereon, which was allowed, he is estopped to question the validity of the order refusing to approve the sale to him.

Petition to Revise on Order of the District Court of the United States, for the Western District of Kentucky; Walter Evans, Judge.

In the matter of the Wolke Lead Batteries Company, bankrupt. On petition of the Lewin Metals Corporation and others to revise order of District Court. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Allen P. Dodd, of Louisville, Ky. (Perry B. Miller, of Louisville, Ky., on the brief), for petitioners.

Emile Steinfeld, of Louisville, Ky. (Morris B. Gifford, D. A. Sachs, Jr., and Benj. S. Washer, all of Louisville, Ky., on the brief), for respondent.

Before DENISON and DONAHUE, Circuit Judges, and SATER, District Judge.

DONAHUE, Circuit Judge. The petitioner, Joseph L. Haag, seeks a revision and reversal of the decree of the District Court in a bankruptcy proceeding confirming the sale of the bankrupt's real estate to 'Chas. H. Knight.

This real estate was appraised at $18,000. When first offered for sale, Haag filed a sealed offer of $2,000, which, when the bids were opened, he raised to $12,000. This bid was accepted by the trustee and reported to the referee in bankruptcy. Within 10 days thereafter exceptions were filed to the sale to Haag, accompanied by a proposition from Chas. H. Knight to bid $13,000 for this property upon resale. The exceptions were overruled and the sale to Haag confirmed by the referee. The District Court reversed the order of the referee confirming the sale and ordered a resale. Upon such resale Knight's bid of $13,500 was accepted by the trustee and reported to the referee. Haag, who had taken possession of this property under the first sale, turned the same over to Knight and filed his petition, praying the allowance of $820.40 expended by him in the preservation and improvement of the property, which claim was allowed by the referee and ordered paid out of the purchase price.

Within 10 days after the trustee had accepted and reported Knight's bid, Haag filed exceptions to the confirmation of the sale to Knight, and moved the court to set aside said sale and not confirm the same, for the reason that this property was purchased by Haag at a sale regularly and legally made on March 7, 1923, and that the court erred to his prejudice in setting aside the order of the referee confirming the sale to him and ordering a resale of this property.

These exceptions were overruled by the referee and the sale to Knight was confirmed. On June 14, 1923, the District Court affirmed the order of the referee and entered a final decree confirming the sale to Chas. H. Knight, and also affirmed the order of the referee directing the trustee to pay to Haag the sum of $820.40.

[1] While the highest bidder for property offered for sale by a trustee in bankruptcy is entitled to have his bid accepted by the trustee and reported for confirmation (In re Williams, 197 Fed. 1, 116 C. C. A. 523), yet he is not a purchaser, and is not vested thereby with even an equitable title in the property until the sale is confirmed. By section 70b of the National Bankruptcy Act (Comp. St. § 9654) the District Court is vested with discretion to confirm or set aside the sale of the bankrupt's property, and no sale thereof can be made otherwise than subject to the approval of the court for less than 75 per cent. of the appraised value. Bryant v. Stockhausen Co. (C. C. A.) 271 Fed. 921.

Haag's bid for this property was less than 75 per cent. of its appraised value. Under the provisions of the section of the National Bankruptcy Act above cited, the property could not be sold to him, otherwise than subject to the approval of the court.

[2] After a judicial sale has been confirmed by the court, and the equitable title has thereby vested in the purchaser, public policy requires that there should be stability in such sales, and that the same should not be set aside, except for reasons for which equity should set aside a sale between individuals. In re Burr Mfg. & Supply Co., 217 Fed. 16, 133 C. C. A. 126. The facts disclosed by this record differ materially from the facts upon which the court based its opinion in Re Burr Mfg. & Supply Co., supra. In the latter case the District Court had approved and confirmed the sale, thereby vesting in the bidder an equitable title in the property. Some time later the District Court entered an order vacating its former order approving and confirming the sale.

[3] In the instant case the order of the referee confirming the sale to Haag was subject, in due course of procedure, to review by the District Court. That court was vested with discretion to review and reverse the order of the referee confirming the sale for any reason that would have justified the referee in refusing to confirm the same. The reversal by the District Court of the order and decree of the referee approving and confirming the sale to Haag left him in exactly the same situation in which he would have been placed if the referee had refused to confirm the sale.

[4] The District Court having exercised its discretion in that behalf, this court will not reverse, except for an abuse of discretion. Bryant v. Stockhausen Co. (C. C. A.) 271 Fed. 921. It is clear that the record in this case discloses no abuse of discretion by the District Court. This property was appraised at $18,000. Haag had submitted a sealed bid of $2,000. Immediately after the bids were opened, he raised this bid to $12,000. An offer to bid $13,000 was filed with the exception to the confirmation of the sale to Haag. This offer to start the bidding at $13,000 by no means precluded the possibility of obtaining, at such resale, the substantial value of the property appraised at $18,000. While it actually sold at this resale for but $13,500, including the improvements placed thereon by Haag, nevertheless the advance bid offered by Knight was sufficiently substantial in amount to insure against increased costs and present a reasonable possibility of securing for the creditors, the protection of whose interest is the chief purpose of bankruptcy proceedings, the real value of the bankrupt's property. Bryant v. Stockhausen Co., supra.

[5] If, however, there were any doubt upon this proposition, it is clear that Haag is estopped by his subsequent conduct from insisting upon a reversal of the decree of the District Court, reversing the order of the referee confirming the sale and ordering a resale of this property. After Knight's bid of $13,500 had been accepted by the trustee and reported to the referee, Haag filed a petition to recover $820.40 for moneys expended by him in the preservation and improvemnt of

the property, and praying that he be awarded a lien thereon, which claim was allowed by the referee and affirmed by the District Court. This action on the part of Haag is wholly inconsistent with his present claim of ownership as purchaser at the first sale.

For the reasons stated, the judgment of the District Court is affirmed.