### In re KLEIN'S RAPID SHOE REPAIR CO., Inc.

#### Appeal of KENT STORES, Inc.

#### No. 177.

Circuit Court of Appeals, Second Circuit.
Dec. 7, 1931.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

Krause & Hirsch, of New York City, for respondent.

Miller, Fieldman & Paul, of New York City (Louis Fieldman, of New York City, of counsel), for appellant, Kent Stores, Inc.

CHASE, Circuit Judge (after stating the facts as above).

This appellant was not a creditor and has only whatever standing an unsuccessful highest bidder at a receiver's sale may have. It relies primarily upon the case of In re Williams (C. C. A.) 197 F. 1. In that case the highest bidder at a trustee's sale was held to be entitled to have his bid reported to the referee, and, in the absence of special circumstances, like an unfair price, fraud, or inability to perform, to have the bid accepted and reported to the judge for confirmation. In re Wolke Lead Batteries Co. (C. C. A.) 294 F. 509, treats the Williams Case as holding no more, and perhaps it may properly be so considered, although it apparently goes far enough to support the claim of the appellant to an enforceable interest in the property for which it made the highest bid at the sale. However, that may be, we decline to follow the Williams Case in so far as that decision is contrary, if at all, to the conclusion we have reached in this case.

The appellant at one time offered to pay more than any one else then offered for the property, but this offer was never accepted, and, at a later sale to the holding of which it expressly agreed and was given an opportunity to bid, its unaccepted bid did not remain the highest. Section 70 of the Bankruptcy Act (11 USCA § 110) gives to the District Court the power to confirm or set aside, in its discretion, a sale of the bankrupt's property. Such sales are judicial sales which are not complete until confirmed. Until confirmation, even, an accepted bid makes the bidder no more than the one whose proposal has been recommended. In re Burr Mfg. & Supply Co. (C. C. A.) 217 F. 16, 19. Such a bidder before confirmation is not even vested with an equitable title to the property, and he cannot restrict the power of the court under section 70 of the statute. In re Wolke Lead Batteries Co., supra; Bryant v. Stockhausen Co., Inc., et al. (C. C. A.) 271 F. 921. See, also, The East Hampton (C. C. A.) 48 F.(2d) 542.

When the court refused to confirm the

accepted bid, the appellant could not force the confirmation of its own bid, for the discretion of the court was not limited to the confirmation of some bid already made. It was well within its power to order a resale at which all prospective bidders were given a fair opportunity to purchase the property. That the District Court exercised its discretion wisely in so doing admits of no doubt in view of the fact that more was obtained for the property than the appellant was ever willing to bid.

Order affirmed.