75 F.2d 286 (1935)
In re REALTY FOUNDATION, Inc.
CERTIFIED ASSOCIATES, Inc.,
v.
FOUNDATION PROPERTIES, Inc.
No. 275.
Circuit Court of Appeals, Second Circuit.
February 4, 1935.
*287 Satterlee & Canfield, of New York City (Thomas F. Compton and William C. Scott, both of New York City, of counsel), for appellant.
David W. Kahn, of New York City, for appellee.
Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.
AUGUSTUS N. HAND, Circuit Judge.
The trustee of Realty Foundation, Inc., the bankrupt, filed a petition with the referee setting forth that an offer of $10,000 had been received from Foundation Properties, Inc., for the purchase of all the assets of the estate, and praying that a meeting of creditors be called to consider that offer, as well as any and all other offers, in accordance with a proposed form of advertisement. The referee directed a ten days' notice of the meeting to be sent to all the creditors, inviting the consideration of the $10,000 bid and of other bids, whether made for all of the assets or for separate items thereof.
In spite of the fact that the notice invited bids not only for the assets as a whole but in separate lots, the referee ruled on the day of the sale that he would only entertain bids in bulk, because to do otherwise would, in his opinion, be "inimical to the best interests of the creditors." The appellee, Certified Associates, Inc., a prospective bidder, took exception to this ruling. Thereupon the referee called for bids in bulk, and the bidding was opened by the appellee at $12,500. The bidding was chiefly between the appellee and appellant Foundation Properties, Inc. The property was finally knocked down to appellant at $44,000. The appellee's highest bid was $43,500. The sale was thereafter confirmed by the referee by an order under date of November 13, 1934, in which he granted an exception to creditors or prospective bidders, whose objections had been noted in the record of the meeting, without determination as to the right of such parties to interpose objections. The estate had been appraised at $8,584.80.
Prior to the time of the sale, Certified Associates, Inc., had made an investigation of the assets and determined to make offers for separate parcels that it was interested in acquiring. It objected to the referee's ruling, that the sale should only be in bulk, on the ground that the notice had specifically provided for the receipt of bids in lots. It stated that there were two bids available that would be larger than the bid that had been accepted, and said that it would be to the best interest of the creditors that the estate should be subdivided. A creditor also made an objection at the hearing to the sale in bulk, but took no steps to review the order of confirmation made by the referee. The trustee in bankruptcy signified that it was in favor of the acceptance of the bid of Foundation Properties, Inc.
After the order of confirmation, Certified Associates, Inc., filed a petition to review the order of the referee. Upon the hearing of that petition by the District Judge, he reversed the order of the referee on the ground that the "restriction to bids in bulk was a clear departure from the notice of sale and had a tendency to chill the bidding." He said that some prospective bidders would "come to the sale prepared only to bid on certain lots" and would "not have sufficient information to bid intelligently on the assets in bulk"; that "the injury is not merely to them; the object of the sale is to obtain the highest price, and the attainment of that object is defeated." He added that "neither the referee nor the trustee had power to decline bids for separate items." Accordingly he made an order for a new sale in lots, as well as in bulk, on condition that Certified Associates, Inc., should deposit $44,000 as an assurance that it would bid not less than that amount on the resale. It is from this order that Foundation Properties, Inc., the successful bidder, has taken the present appeal.
It is to be remembered that no creditor has appealed from the order confirming the sale, that the bid of Foundation Properties, Inc., was more than five times the appraised value of the assets, and that the trustee in bankruptcy signified its satisfaction with the amount realized. The notice sent to all the creditors, however, invited special bids as well as bids in bulk. In view of the terms of the notice, we think that persons interested in the estate were entitled to prepare to bid in either way, and we agree with the court below that the referee, if any creditors objected, should not have changed the terms of bidding so as to prevent bidding by lots. Hungerford v. Owen Magnetic Motor Car Corporation (D. C.) 277 F. 244, affirmed *288 (C. C. A.) 278 F. 620. Though one creditor did protest, it took no appeal. We therefore have a situation where no person possessing a legal interest is complaining. When a notice has been given of a sale in bulk and then in lots, it is the proper practice for the referee, if he objects to the terms of sale, to hold another sale under Rule 15 of the District Court on such terms as in his discretion may seem best, so that the creditors, as well as the public, may have ample notice of the terms upon which the sale is to take place.
The appellee is not even a person who has made the highest bid, and we know of no theory of law upon which such a person has any standing whatever. A contract with a bidder only arises after his bid has been accepted and the sale to him confirmed. Blossom v. R. R. Co., 3 Wall. (70 U. S.) 196, 18 L. Ed. 43; In re Klein's Rapid Shoe Repair Co. (C. C. A.) 54 F.(2d) 495; Tillman v. Dunman, 114 Ga. 406, 40 S. E. 244, 57 L. R. A. 784, 88 Am. St. Rep. 28. The appellee never made a bid that was either accepted or confirmed.
It is argued that the point that the appellee had no legal standing to object to the refusal to receive bids for the assets in lots was not made either before the referee or in the District Court. But surely a person who has no cause of action cannot acquire one because that particular point was not raised. The objections of the appellee, though overruled by the referee, were treated by the District Judge as if they had been made by a creditor, and the sale was set aside at the sole instance of Certified Associates, Inc. The successful bidder whose bid had been accepted and confirmed by the referee then took an appeal and assigned error on the ground that the District Court had set aside the sale "at the behest and upon the motion of an unsuccessful bidder." This assignment was sufficiently precise, as well as broad, to challenge all the rights which the appellee had asserted.
Appellee further seeks to sustain the court below on the novel theory that the latter had disposed of the appeal in accordance with a sound discretion. The difficulty with this is that, in confirming the sale, the referee acted as a judge of the bankruptcy court with power to hear and determine the matter before him, and the District Judge had no power whatever to make orders in the general interest of the creditors, but stood only in the position of an appellate judge who might review the decision of the referee upon a petition taken by some one having a legal interest in the premises. In our opinion, Certified Associates, Inc., had no such interest and could not properly either object to the confirmation of the sale or review the order of confirmation.
The order of the District Court is reversed, and the proceeding remanded, with directions to dismiss the petition of Certified Associates, Inc., to review the order of the referee and to affirm the latter's order.