**HARTFORD ACCIDENT & INDEMNITY CO. v. CROW et al.**

**No. 6897.**

Circuit Court of Appeals, Sixth Circuit.

April 17, 1936.

John W. Ford, of Youngstown, Ohio (Manchester, Ford, Bennett & Powers, of Youngstown, Ohio, on the brief), for appellant.

Murray A. Nadler, of Youngstown, Ohio (W. P. Barnum, of Youngstown, Ohio, on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a judgment of the District Court holding a receiver liable for failure to insure personal property in his custody. The case arose out of a bankruptcy proceeding in which on August 22, 1930, Eugene Crow was appointed receiver. The petition prayed that the receiver be authorized to "take charge of, hold, insure and appraise the assets." The order of appointment directed him "to do all things necessary to preserve the property belonging to this estate." Crow qualified on August 23, 1930, by filing a bond executed by appellant as surety, 'the material condition of which was that "if the said Eugene Crow * * * shall * * * in all respects faithfully perform all his official duties as said Receiver then this obligation to be void; otherwise to remain in full force and virtue."

The first meeting of creditors was held on September 30, 1930, and a trustee was elected who did not qualify until his bond was filed on October 1, 1930.

On September 30 the assets were sold at public sale by the receiver. During the evening of that day the merchandise, consisting mainly of a stock of shoes and the fixtures belonging to the estate, were completely destroyed by fire. The goods and fixtures were not insured. On leave duly granted, the trustee filed suit against the receiver and his surety, upon the ground that loss was occasioned to the bankrupt's estate by failure of the receiver faithfully to perform his official duties. Upon written waiver of jury trial the court gave judgment in favor of the trustee. The sole question is whether the receiver's failure to insure came within the condition of the bond.

Appellant contends that the trustee rather than the receiver is liable for the destruction of this property; also that when the fire occurred the goods had been sold, and that possession and responsibility therefor had passed to the purchaser. These contentions are unsound. While it was the duty of the receiver to turn the property over to the trustee upon the latter's appointment and qualification, the trustee did not qualify prior to the fire, and the receiver still had possession. Also the loss does not fall, as claimed, upon those who agreed to buy the stock, for title here did not pass prior to confirmation. The notice of sale provided that the sale was subject to confirmation by the referee in bankruptcy. Confirmation had not been made on September 30th. Cf. In re Wolke Lead Batteries Co., 294 F. 509 (C.C.A.6); In re Klein's Rapid Shoe Repair Co., Inc., 54 F.(2d) 495 (C.C.A. 2); In re Realty Foundation, Inc., 75 F. (2d) 286 (C.C.A.2).

Appellant next contends that under the facts of this case there was no duty to insure, urging that the receiver was not authorized to operate the business; that the order of the District Court did not specifically require insurance, and therefore it was entirely within the discretion of the receiver whether insurance should be secured. This proposition is also untenable. The duty of a receiver in bankruptcy to protect perishable property includes the power to do anything reasonable, suitable or necessary to afford adequate protection. Imperial Assurance Co. v. Livingston, 49 F.(2d) 745 (C.C.A.8). The order of appointment was broad enough to authorize insurance. Even without specific authorization, since the receiver was in actual

possession of the bankrupt's property, he had the authority to protect it by insurance. Thompson v. Phenix Ins. Co., 136 U.S. 287, 10 S.Ct. 1019, 34 L.Ed. 408. In Carson, Pirie, Scott & Co. v. Turner, 61 F.(2d) 693, this court decided that a trustee failing to exercise due diligence to conserve the assets of the bankrupt's estate must account for assets dissipated through his negligence. The negligence there consisted in failure to investigate removal of the assets. The holding is as applicable to failure to exercise due diligence in securing insurance as to failure to exercise due diligence in preventing assets from being stolen. Cf. Imperial Assurance Co. v. Livingston, supra. Here the goods which constituted the main asset were in danger of being destroyed by fire. They were stored in a frame building in a business block consisting entirely of frame buildings. We think that this is one of the cases referred to in Thompson v. Phenix Ins. Co., supra, where the court said that under some circumstances a receiver would be derelict in duty if he did not cause to be insured the property committed to his custody to be kept safely for those entitled to it. The receiver was in possession from August 23d until September 30th, when the fire occurred. This was ample time for him to ascertain whether the goods were covered and to procure insurance if the bankrupt had not already done so. He admitted that he "overlooked" it. In overlooking the need of insurance and his own responsibility to secure it, the receiver failed "faithfully" to perform "all his official duties."

The judgment of the District Court is affirmed.