## In re D. T. BOHON CO.

District Court, E. D. Kentucky.

June 14, 1937.

E. C. Newlin, of Danville, Ky., for trustee.

Joe E. Robinson, of Lancaster, Ky., for petitioners for review.

H. Clay Kauffman, of Lancaster, Ky., referee.

FORD, District Judge.

On March 27, 1937, certain real estate, which was appraised at $12,000, was offered for sale at public auction by the trustee of this bankrupt estate, subject to confirmation by the court. The highest bid for the property was $5,650. The trustee and numerous creditors filed objections to the confirmation of the sale upon the ground that the bid, being less than 50 per cent. of the appraised value, was inadequate. The bidders insisted upon confirmation. The referee adjudged the bid to be inadequate and refused to confirm the sale.

The cause is now submitted upon the petition of the bidders seeking to have the court review and disapprove the action of the referee.

A hearing upon the motion for confirmation and the objections filed thereto was duly held before the referee on April 19, 1937. On behalf of the trustee and the objecting creditors there was evidence to the effect that the reasonable value of the property was between $8,500 and $10,-000. It was also testified that within the past year the trustee had received an offer of $7,590 for the property and that upon a resale thereof in the near future there was a reasonable prospect for it to bring at least $7,500. On the other hand, the bidders, in support of their motion, produced considerably more witnesses who expressed the opinion that the bid of $5,650 represented the fair value of the property upon the date of the sale; and that it would not bring more if again offered for sale, upon the same terms, in the near future.

The chief purpose of bankruptcy proceedings is to protect the interests of creditors, and for their benefit to secure, as near as possible, the fair value of the bankrupt's property. The highest bidder for property offered for sale by a trustee in bankruptcy, while regarded as a party in interest and entitled to appear, and to be accorded a fair and impartial hearing upon the consideration of his bid, nevertheless, prior to confirmation, he is not a purchaser nor vested with even an equitable title in the property. No equity exists in his favor which outweighs the interests of the creditors. To avoid sacrifice of their rights, as the beneficiaries of the trust in which the property is held, is, at all times, the paramount consideration. In view of the provisions of section 70b of the Bankruptcy Act, 11 U.S.C.A. § 110 (b), the applicable rule seems to be that, when a bid substantially less than 75 per cent. of the appraised value of the property is reported to the referee for confirmation, and it is made to appear that a wide disparity exists between its real value and the bid, and that by a resale of the property there is reasonable assurance of securing for the creditors a substantial advance in price beyond add-

ed costs, with fair prospects of realizing its full value, it is not an abuse of discretion on the part of the referee to refuse to confirm the sale, even though no fraud or irregularity be disclosed. In re Wolke Lead Batteries Co., 6 Cir., 294 F. 509; Bryant v. Charles L. Stockhausen Co., 4 Cir., 271 F. 921; Jacobsohn v. Larkey, 3 Cir., 245 F. 538, L.R.A.1918C, 1176.

The referee was confronted with a question of fact, the determination of which necessarily rested upon his resolving the conflict in the various opinions expressed by the witnesses as to the market value of the property. Under such circumstances, the relative weight to be attributed to the testimony of certain witnesses as compared with others is the determining factor in measuring preponderance rather than the numerical superiority of those supporting one view or the other.

The referee had the opportunity of personal observation of and, perhaps, personal acquaintance with the witnesses. His location at the scene of the conflict enabled him to view the entire picture at close range. He was in a particularly advantageous position to appraise the relative values of the various discordant opinions and to decide to which of them greater weight should be attributed.

These considerations are at the foundation of the familiar rule that the findings of fact of the referee upon conflicting testimony should be accepted by the court unless it be clearly shown that they are erroneous and would obviously result in a miscarriage of justice.

This rule was emphatically reaffirmed in a recent opinion of the Court of Appeals of this circuit in the case of Kowalsky v. American Employers Insurance Company, 6 Cir., 90 F.2d 476, 479, decided June 2, 1937, in which the court said:

"But the District Judge should not disturb the findings of fact of a referee in bankruptcy, unless there is most cogent evidence of mistake and miscarriage of justice. * * *

"The determination of a referee in bankruptcy of issues of fact, based upon the evidence of witnesses appearing in person before him, where such determination must rest upon the credibility of the witnesses and the weight of their evidence, should ordinarily be accepted upon review, except in those cases where it is obvious that the referee has made a mistake."

The mere fact that the evidence might be regarded as sufficient to support a contrary finding does not warrant substituting the views of the court for those of the referee. Gilbert's Collier on Bankruptcy, 4th Ed., p. 640, § 871.

Giving to the finding of the referee the weight to which it is entitled, the relief sought by the petition for review must be denied and the ruling of the referee approved.

Let an order be entered in accordance herewith.