## In re FORD.
### No. 10024.

District Court, M. D. Pennsylvania.
June 14, 1940.

William P. Wilson, of Towanda, Pa., for petitioners.

Romeyn F. Culver, of Towanda, Pa., for respondents.

ALBERT W. JOHNSON, District Judge.

This is a petition to review a decision of the referee allowing a petition for reclamation of personal property in the above case. By request of the parties and consent of the court the matter has been submitted on briefs.

The referee found the facts to be these: In 1926 the bankrupt was in legal difficulties in Wyoming County and needed to raise $500. He contemplated selling his personal property consisting of cows, farming implements, etc., and the petitioner, Budd Ford, the son of the bankrupt, purchased all of the bankrupt's personal property for the sum of $500. At or about the time of this transaction the parties went to a justice of the peace, who drew up a bill of sale executed by the bankrupt to Budd Ford. At that time the bankrupt owed Berwyn Gere for feed furnished the stock of the bankrupt. Gere continued furnishing feed after the above sale. About two years after the sale, Gere had a conference with Budd Ford and the bankrupt in relation to securing a settlement on the feed account. Before the referee, Budd Ford testified that Berwyn Gere said to him "that Dad's (the bankrupt's) credit was no good, because I (Budd) own the property—loose property—and I was the one that was holding for it, and that it was going on there to feed my stock". Testimony also showed that Budd Ford gave a note for $250 covering the feed furnished the bankrupt before and after the above sale, and that the note was later paid by Budd Ford, the maker. Further, the testimony showed that the sale to Budd Ford by the bankrupt was a matter of common knowledge and generally known over the community by those who had dealings with the bankrupt and with Budd Ford. It was shown that Budd Ford had control over the purchases and sales of any of the livestock on the place, that "in several instances the bankrupt wished to make replacements in the stock, but the deal did not go through, as Budd Ford would not sanction the purchase or the sale, as the case may have been." In 1934, according to the testimony of Budd Ford and the bankrupt, a bailment lease was prepared by Attorney E. P. Young of Towanda, Pa., wherein all of the chattels and personal property were leased to the bankrupt by Budd Ford for the term of five years, payable at the rate of $100 per year. Budd Ford testified, corroborated by the bankrupt, that nothing had ever been paid on this debt; that the bankrupt gave Budd Ford two notes for $100 each, which had never been paid.

In view of the above facts, the referee found that ownership of the chattels in question was in Budd Ford and that his petition for reclamation should be granted. The grounds for this conclusion were (1) the fact that it was common knowledge that Budd Ford claimed title and ownership to the chattels, (2) the fact that Budd Ford exercised control over purchases and sale in the stock after the sale in 1926 (3) the fact that petitioner Gere has delayed 13

years in raising the question of ownership of Budd Ford, (4) the fact that there was no attempted secret sale in 1926, but open and the delivery at that time known to the community in general,. (5) the above quoted admission of Gere that title was in Budd Ford, together with the acceptance by Gere of payment by Budd Ford, (6) the fact that there was no allegation or proof that the transaction in 1926 was effected with any fraudulent intent, and (7) the fact that there was no allegation or proof that the parties in 1926 had any intent except to effect an actual and bona fide transfer of title from the bankrupt to Budd Ford.

Under established bankruptcy practice the findings of fact of a referee are binding upon this court upon review unless they are clearly erroneous. Order 47, General Orders in Bankruptcy, 11 U.S.C.A. following section 53; In re Byrd Coal Co., 2 Cir., 83 F.2d 190; In re Musgrave, D.C., 27 F.Supp. 341.

Petitioner Gere states only one ground on which he seeks reversal of the referee's conclusion, namely, that the sale in 1926 was constructively fraudulent because there was no actual delivery of possession of the chattels transferred, and, therefore, the transfer can be attacked by any creditor at any time, whether or not he had any knowledge of, or acquiesced in, the transaction when accomplished. Petitioner cites no case in support of this proposition of law. He relies solely upon the authority of First National Bank of Towanda v. Parks, 94 Pa.Super. 570, and the opinion of the court of common pleas in the same case. The case is no authority for the proposition for which it is cited.

The specific finding of the case cited was to the effect that in that particular case under the particular facts there present, title never passed insofar as the rights of innocent purchasers and creditors were concerned. The present petitioner would· be hard pressed to classify himself as an innocent creditor in view of the fact that he always knew of the transaction, acquiesced therein, and in fact insisted that title to the chattels was in Budd Ford, whose right he now seeks to contest.

The facts in the First National Bank case were also different from those in the present case. There the court found that there had been no change of possession at all; here the referee has found an actual change òf possession with bona fide intent to transfer title, and with no intent to defraud any creditors. There there was no delay in seeking to overturn the transaction; here petitioner delayed 13 years, though in full possession of all the facts, acquiescing therein. There no evidence was produced of a general knowledge in the community of the nature of the transaction, rather all the evidence pointed to a secret sale and a secret intent; here the transfer of title was generally known throughout the community and the intent was honest and open. There the creditor had no knowledge of the transaction and had not acquiesced in it; here we have the admission of the creditor that he recognized title to be in the transferee, Budd Ford, in fact, he insisted it was there. There the court found that there was never an absolute sale intended, and that possession, use and income were always to be in the transferor; here the referee has found from credible evidence that an absolute sale was intended, and that control was thereafter in the transferee. There the transferee was trying to claim a right as against a creditor who, so far as the record shows, had no knowledge of the transaction; here a creditor who knew of and acquiesced in the transaction and insisted that there had been a transfer, is trying now to enforce a right against a bona fide. transferee. In view of these distinctions, ·the First National Bank case. is not controlling on the present facts.

After a study of the entire record in this matter, the court is of the opinion that the referee's findings were supported by competent evidence, and that his conclusions based thereon were correct. There is no error in the record, and nothing has been produced by the petitioner to convince this court that the referee erred in any respect.

Therefore, it is ordered that the decision of the referee be, and the same is hereby, confirmed, and the petition for reclamation allowed, and the petition for review be, and the same is hereby, denied and dismissed.