## In re INTERNATIONAL CHEWING GUM CO.

### FREEDMAN v. BROWN.

#### No. 63187.

District Court, D. Massachusetts.
May 1, 1941.

Arthur J. Santry, of Boston, Mass., for petitioner for reclamation.

Joseph B. Wolbarsht, of Boston, Mass., for respondent.

FORD, District Judge.

This matter comes before me on a petition for review of the referee's order sustaining a petition for reclamation of machinery and other property in the hands of the trustee in bankruptcy. The certificate presents a question as to the validity of a conditional sale contract between the reclamation petitioner and the bankrupt corporation.

The petitioner contended before the referee that the machinery and property sought to be reclaimed was his own, at no time the property of the bankrupt, and as a result of the execution of the conditional sale and the subsequent failure of the bankrupt to comply with the terms and conditions of the sale contract, title to the property remained in the petitioner and he is now entitled to the proceeds of the sale of the same in the hands of the trustee.

The referee held the conditional sale contract valid and binding upon the trustee and ordered the latter to turn over forthwith to the petitioner the proceeds of the sale.

General Order in Bankruptcy 47, 11 U.S.C.A. following Section 53, provides that the judge shall accept the referee's findings of fact unless clearly erroneous.

The evidence in this case is voluminous. I have carefully read it all. I cannot say that the referee's findings are clearly erroneous. The findings depended considerably upon the credibility of witnesses. The referee had the inestimable advantage of seeing and hearing them and I cannot find any evidence of a mistake or of a miscarriage of justice. 2 Collier on Bankruptcy, 14th Ed., Section 39. 28, pp. 1499, 1500; Sternburg v. M. Cohen & Co. et al., 1 Cir., 254 F. 1, 4; In re Paper City Mill Supply Co., Inc., D.C.Mass., 28 F.2d 115; In re Ford, D.C., 33 F.Supp. 534, 535. In this view, the petitioner here cannot properly ask me to substitute my views, assuming I would have reached a contrary conclusion of fact had I heard the matter de novo. In re D. T. Bohon Co., D.C., 22 F.Supp. 561, 563.

I conclude the findings of the referee are not clearly erroneous and they are sufficient to warrant the conclusions of fact and law at which he arrived. As all the questions of law raised by the respondent-trustee are dependent on a finding of fact contrary to that made by the referee, there is no necessity to discuss them in detail. Further, no prejudicial error can be found in the admission or exclusion of evidence before the referee.

The petition for review is dismissed and the referee's order confirmed.