**In re Robert W. HOTIN, Debtor.**

**Francis C. McDONNELL and John Hollett, Appellants,**

**v.**

**Robert W. HOTIN and John Donohoe, Appellees.**

**Civ. A. No. 86–317–Z.**

United States District Court, D. Massachusetts.

June 5, 1986.

Daniel J. Carragher, Widett, Slater & Goldman, P.C., Boston, Mass., for appellants.

Frank Crosson, Richmond, Rosen, Crosson & Resnek, Gary Cruickshank, Marullo & Barnes, Boston, Mass., Francis K. Monarski, Lowell, Mass., for appellees.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

In September 1979 the debtor, Robert W. Hotin, filed a voluntary petition for a real property arrangement under Chapter XII of the Bankruptcy Act of 1898, as amended, (the "Act").[1] On November 21, 1985 the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") issued a final Order approving the sale of a tract of land in Seabrook, New Hampshire to John Donohoe. The unsuccessful bidders, Francis C. McDonnell and John Hollett, appeal under Section 39(c) of the Act, 11 U.S.C. § 67(c) (1976) (repealed 1978), as modified by former Bankruptcy Rule 801. Appellants assign a number of errors in the Bankruptcy Court's handling of the sale. Appellees defend the Order of the Bankruptcy Court on the merits but also move to dismiss the appeal for lack of standing.[2]

The parties agree that a bankruptcy judge's findings may be set aside only if clearly erroneous, and that an order confirming the sale of property may be overturned only for abuse of discretion, fraud or mistake, or if infected by fundamental defects in the sale procedure. The errors of which appellants complain do not individually or even in combination suffice to invalidate the sale and reverse the Order of the Bankruptcy Court.

Appellants complain, in essence, that in accepting the offer of Mr. Donohoe the Bankruptcy Court departed from the ground rules it had itself established, that it failed to properly evaluate the bid and Mr. Donohoe's financial ability to implement his offer and complete the deal, and that it erred in finding that the debtor preferred the Donohoe proposal.

I have reviewed the transcript of both the October 10, 1985 status conference that set the stage and the November 21, 1985 hearing at which the bidding was played out. Although the bankruptcy judge was at times somewhat confusing, a fair reading of the entire proceeding does not support appellants' charge of fundamental defects in the sale.

First, concerning the ground rules, the judge did say that a cash sale was preferable because he did not wish to be in the position of having to spend years supervising compliance with an installment contract. But he did not rule out accepting an offer with an installment feature; on the contrary, he specifically instructed counsel before the bidding began that any non-cash bid be as clear and simple as possible to permit ready comparison of all bids received. In any event, the winning bid included a cash component of an amount sufficient to pay all bankruptcy claims,

1. Since the proceeding was commenced before October 1, 1979, it is governed by the old statute.

2. Appellees assert that as merely unsuccessful bidders, appellants are not "aggrieved persons" within the meaning of Section 39(c) of the Act. *In re Realty Foundation,* 75 F.2d 286 (2d Cir. 1935); *In re Jewel Terrace Corp.,* 10 B.R. 1008 (Bankr.E.D.N.Y.1981). Appellants counter that

that rule has no application where the unsuccessful bidder "attacks a bankruptcy sale on equitable grounds related to the intrinsic structure of the sale...." *In re Harwald,* 497 F.2d 443, 444 (7th Cir.1974). Because disposition of both the motion and the merits require review of the Bankruptcy Court's hearing and decision on the propriety of the sale, the decision on the merits and on the motion to dismiss merge.

fees and expenses. It thus achieved both the objective of the Act—to minimize the injury to creditors arising from the fact of bankruptcy—and that articulated by the judge below—to extricate the Bankruptcy Court from any possible involvement in the supervision of the contract.

Second, concerning the court's evaluation of the bids, it did find them to be roughly equal in value. The evidence clearly supports the judge's further finding that the Donohoe bid was sufficient to pay all bankruptcy claims, fees and expenses upon closing. Mr. Donohoe's financial ability to meet the long-term obligations was then a concern more of the post-Chapter XII debtor than of the Bankruptcy Court. And contrary to appellant's assertion, the debtor, through his counsel, explicitly acknowledged his preference for the Donohoe proposal. Given all of these findings, which are fully supported in the record, there was no mistake, fraud or abuse of discretion.

The Order approving the sale of certain real estate owned by the debtor, Robert W. Hotin, to John Donohoe is affirmed.