In re Robert W. HOTIN, Debtor.

John J. DONOHOE, Appellant,

v.

Robert W. HOTIN, Appellee.

Bankruptcy No. 79–1793–JNG.

Civ. A. Nos. 86–1779–Z, 87–1056–Z.

United States District Court,
D. Massachusetts.

July 14, 1987.

Gary W. Cruickshank, Marullo & Barnes, Boston, Mass., for appellant.

Frank Crosson, Richmond, Rosen, Crosson & Resnek, Daniel Carragher, Widett, Slater & Goldman, Boston, Mass., Francis K. Monarski, Lowell, Mass., and Gerald Prunier, Nashua, N.H., for debtor/appellee.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Two appeals from orders of the Bankruptcy Court, the second and third such, are before me. Some of the earlier history of the case is necessary to understand its current posture.

In 1979, the debtor, Robert W. Hotin, filed a voluntary petition for a real property arrangement under Chapter XII of the Bankruptcy Act of 1898, as amended (the "Act").[1] In November 1985, the Bankruptcy Court issued a final order approving the sale of the real estate in question to appellant, John Donohoe ("Donohoe"). Two unsuccessful bidders appealed ("*Appeal I*"), and on June 5, 1986, this Court affirmed the order for sale, 63 B.R. 226.

While *Appeal I* was pending, the Bankruptcy Court, on May 8, 1986, issued an order requiring Donohoe to deliver to the debtor by May 19, 1986 a statement setting forth whether he intended to purchase the property for the approved price of $1,235,-000 and establishing a reasonable closing

---

1. Since the proceeding was commenced before October 1, 1979, it is governed by the old statute.

date. The order further provided that failure to file the statement would result in forefeiture of the deposit of $59,500 and termination of all obligations of the Debtor to sell the property to Donohoe. Donohoe's request for a stay of that order was denied twice by the Bankruptcy Court and once by this Court. Donohoe's appeal from the May 8, 1986 order (*"Appeal II"*) remains pending.

After this Court's decision on June 5, 1986, affirming the order of sale, Donohoe moved the Bankruptcy Court for relief from the May 8, 1986 order. That motion was denied "without prejudice to renew" on August 6, 1986. The docket reflects neither a renewal of that motion nor the filing of the statement of intent called for by the May 8 order.

The next event of note shown by the docket is a hearing on April 2, 1987, some eight months later, on the "Debtor's Notice of Intended Sale and Objections Thereto." This resulted in an order of sale to Daro Investment Properties of Nashua, New Hampshire ("Daro") over objections by Donohoe, and the third appeal, the second by the latter, (*"Appeal III"*). *Appeal III* also remains pending. Both the Bankruptcy Court and this Court denied stays of the order of sale and the sale to Daro has apparently been consummated.

▪ The essence of appellant's argument is that the pendency of each appeal prevented the debtor from passing good title and that the appeals, therefore, barred the sale to Daro. His specific contention with respect to *Appeal II* is that the November 1985 order approving the sale to him did not specifically find him to be a good faith purchaser and that the appeal therefrom by the unsuccessful bidders "intimated" that he was not. Accordingly, Donohoe argues, until *Appeal I* was resolved he could not acquire good title to the real estate, and the May 8, 1986 order requiring him to close is clearly erroneous.

Furthermore, if he wins *Appeal II*, Donohoe asserts, he will have to be reinstated as the successful purchaser. Under these circumstances Daro is not a good faith purchaser, as it was aware of the pendency of Donohoe's appeal and took title subject to Donohoe's claims. Therefore, the order approving the sale to Daro, too, is infected with clear error.

Although the Bankruptcy Court in its November 1985 order approving the sale to Donohoe did not use the magic words "good faith purchaser," it did make a number of underlying findings concerning value and consideration that necessarily imply the ultimate finding that Donohoe was a good faith purchaser. Appellants, the unsuccessful bidders, never claimed otherwise. Donohoe has cited no authority that calls into question the good faith of the purchaser in the absence of allegations of fraud or collusion. *Compare In re Abbott's Dairies of Pennsylvania*, 788 F.2d 143 (3d Cir.1986) (unique facts require explicit finding by bankruptcy judge of good faith). Given that the order was not stayed, Donohoe was fully protected by the provisions of Fed.R.Bankr.P. 805 (1976) (repealed 1978).[2] Under these circumstances, the May 8, 1986 order was well within the power of the Bankruptcy Court to make "any ... appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Rule 805, Federal Rules of Bankruptcy Procedure.

▪ *Appeal III* is equally unavailing. A purchaser's good faith is not impugned by its knowledge of an appeal from the order of sale. Bankruptcy Rule 805 expressly makes knowledge of those appeals irrelevant. *See Greylock Glen Corp. v. Community Savings Bank*, 656 F.2d 1, 4 (1st Cir.1981) (interpreting same language in Bankruptcy Rule 8005).

**2.** Rule 805, Federal Rules of Bankruptcy Procedure states as follows:

Unless an order approving a sale of property or issuance of a certificate of indebtedness is stayed pending appeal, the sale to a good faith purchaser or the issuance of a certificate to a good faith holder shall not be affected by the reversal or modification of such order on appeal whether or not the purchaser or holder knows of the pendency of the appeal.

The orders of May 8, 1986 and April 2, 1987 are affirmed.